1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   CHARLES SHELDON  Bar No. 155598
2  MARC BRAINICH  Bar No. 191034
   DEREK S. JOHNSON  Bar No. 220988
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendant
   GENERAL ELECTRIC COMPANY
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  BETTY RABENER, et al.,              CASE NO. CV 08-0229 JCS

13           Plaintiffs,               **GENERAL ELECTRIC COMPANY'S**
                                        **ANSWER TO COMPLAINT FOR**
14      v.                             **SURVIVAL, WRONGFUL DEATH --**
                                        **ASBESTOS;**
15  GENERAL ELECTRIC COMPANY, et
    al.,                                **DEMAND FOR JURY TRIAL;**
16
             Defendants.               **CERTIFICATION OF INTERESTED**
17                                      **ENTITIES**

18

19        Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers the Complaint

20  For Survival, Loss Of Consortium, Wrongful Death (Asbestos), filed by plaintiffs ("Plaintiffs")

21  on January 14, 2008, as follows:

22        1.    To the extent that paragraph 1 of the complaint consists of allegations of fact as to

23  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

24  allegations of paragraph 1, and on such basis the allegations are denied.  To the extent that

25  paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE lacks

26  sufficient knowledge or information to form a belief as to the truth of the allegations of

27  paragraph 1, and on such basis the allegations are denied.

28        2.    To the extent that paragraph 2 of the complaint consists of allegations of fact as to

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

-1-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

2  of the allegations of paragraph 2, and on such basis the allegations are denied. To the extent that

3  paragraph 2 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient

4  knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on

5  such basis the allegations are denied.

6         3.       To the extent that paragraph 3 of the complaint consists of allegations of fact as to

7  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

8  of the allegations of paragraph 3, and on such basis the allegations are denied. To the extent that

9  paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE lacks

10  sufficient knowledge or information to form a belief as to the truth of the allegations of

11  paragraph 3 and on such basis the allegations are denied. To the extent that paragraph 4 of the

12  complaint consists of allegations of fact as to GE, GE denies such allegations.

13         4.       To the extent that paragraph 4 of the complaint consists of allegations of fact as to

14  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

15  of the allegations of paragraph 4, and on such basis the allegations are denied. To the extent that

16  paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks

17  sufficient knowledge or information to form a belief as to the truth of the allegations of

18  paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the

19  complaint consists of allegations of fact as to GE, GE denies such allegations. GE denies the

20  allegation that each plaintiff claims damages for an asbestos-related disease arising from an

21  identical series of occurrences.

22         5.       To the extent that paragraph 5 of the complaint consists of allegations of fact as to

23  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

24  allegations of paragraph 6, and on such basis the allegations are denied. To the extent that

25  paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE  lacks

26  sufficient knowledge or information to form a belief as to the truth of the allegations of

27  paragraph 5, and on such basis the allegations are denied. GE denies the allegation that each

28  plaintiff claims damages for an asbestos-related disease arising from an identical series of

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

occurrences. GE denies the allegation that each and every allegation of each plaintiff regarding the nature of their decedent's asbestos-related diseases, the nature of asbestos, the propensity of asbestos to cause disease, and the criteria for diagnosis of disease are all identical.

6.    To the extent that paragraph 6 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 6 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6, and on such basis the allegations are denied. To the extent that paragraph 6 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

7.    To the extent that paragraph 7 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are denied. To the extent that paragraph 7 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are denied. GE denies that it is a corporation incorporated under the laws of Connecticut. GE admits that its principal place of business is in Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the allegation is denied.

8.    To the extent that paragraph 8 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. To the extent that paragraph 8 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. GE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the

///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487986v1                              ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-0229 JCS

1  Northern District of California is the proper venue for this case, and on such basis the allegation

2  is denied.

3      9.      To the extent that paragraph 9 of the complaint consists of conclusions of law, GE

4  is not required to respond to it. To the extent that paragraph 9 of the complaint consists of

5  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6  belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are

7  denied. To the extent that paragraph 9 of the complaint consists of allegations of fact as to

8  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

9  allegations of paragraph 9, and on such basis the allegations are denied. To the extent that

10  paragraph 9 of the complaint consists of allegations of fact as to GE, GE lacks sufficient

11  knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on

12  such basis the allegations are denied.

13      10.      To the extent that paragraph 10 of the complaint consists of allegations of fact as

14  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

15  of the allegations of paragraph 10, and on such basis the allegations are denied. GE admits that,

16  in the past, it manufactured, distributed, supplied and sold certain products which contained

17  some quantity of asbestos and/or had component parts which may have contained some quantity

18  of asbestos, during a time period which may or may not be relevant to this case. Except to the

19  extent admitted, GE denies all other allegations of fact as to GE in paragraph 10 of the

20  complaint.

21      11.      To the extent that paragraph 11 of the complaint consists of conclusions of law,

22  GE is not required to respond to it. To the extent that paragraph 11 of the complaint consists of

23  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

24  belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are

25  denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to

26  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

27  allegations of paragraph 11, and on such basis the allegations are denied. To the extent that

28  ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0229 JCS

1  paragraph 11 of the complaint consists of allegations of fact as to GE, GE denies such

2  allegations.

3      12.    To the extent that paragraph 12 of the complaint consists of conclusions of law,

4  GE is not required to respond to it.  To the extent that paragraph 12 of the complaint consists of

5  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6  belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are

7  denied.  To the extent that paragraph 12 of the complaint consists of allegations of fact as to GE,

8  GE denies such allegations.

9      13.    To the extent that paragraph 13 of the complaint consists of allegations of fact as

10  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

11  of the allegations of paragraph 13, and on such basis the allegations are denied.  To the extent

12  that paragraph 13 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

13  sufficient knowledge or information to form a belief as to the truth of the allegations of

14  paragraph 13, and on such basis the allegations are denied.  To the extent that paragraph 13 of the

15  complaint consists of allegations of fact as to GE, GE denies such allegations.

16      14.    To the extent that paragraph 14 of the complaint consists of conclusions of law,

17  GE is not required to respond to it.  To the extent that paragraph 14 of the complaint consists of

18  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

19  belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are

20  denied.  To the extent that paragraph 14 of the complaint consists of allegations of fact as to

21  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

22  of the allegations of paragraph 14, and on such basis the allegations are denied.  To the extent

23  that paragraph 14 of the complaint consists of allegations of fact as to GE, GE denies such

24  allegations.

25      15.    To the extent that paragraph 15 of the complaint consists of allegations of fact as

26  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

27  of the allegations of paragraph 15, and on such basis the allegations are denied.  To the extent

28  that paragraph 15 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

2  paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 15 of the

3  complaint consists of allegations of fact as to GE, GE denies such allegations.

4      16.     GE admits that, over time, inhalation or ingestion of asbestos fibers can cause

5  lung disease and cancer. Except to the extent admitted, GE denies all allegations of paragraph

6  16.

7      17.     To the extent that paragraph 17 of the complaint consists of allegations of fact as

8  to Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the

9  truth of the allegations of paragraph 17, and on such basis the allegations are denied.

10     18.     To the extent that paragraph 18 of the complaint consists of conclusions of law,

11  GE is not required to respond to it. To the extent that paragraph 18 of the complaint consists of

12  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

13  belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are

14  denied. To the extent that paragraph 18 of the complaint consists of allegations of fact as to

15  Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a

16  belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are

17  denied. To the extent that paragraph 18 of the complaint consists of allegations of fact as to GE,

18  GE denies such allegations.

19     19.     To the extent that paragraph 19 of the complaint consists of conclusions of law,

20  GE is not required to respond to it. To the extent that paragraph 19 of the complaint consists of

21  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

22  a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

23  denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to

24  Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a

25  belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

26  denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to GE,

27  GE denies such allegations.

28     20.     To the extent that paragraph 20 of the complaint consists of conclusions of law,

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1    GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of

2    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

3    belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

4    denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to

5    Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

6    of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent

7    that paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such

8    allegations.

9        21.     To the extent that paragraph 21 of the complaint consists of conclusions of law,

10    GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of

11    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

12    belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

13    denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to

14    Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

15    of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent

16    that paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such

17    allegations.

18        22.     To the extent that paragraph 22 of the complaint consists of allegations of fact as

19    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

20    of the allegations of paragraph 22, and on such basis the allegations are denied. To the extent

21    that paragraph 22 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

22    lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

23    paragraph 22, and on such basis the allegations are denied. To the extent that paragraph 22 of the

24    complaint consists of allegations of fact as to GE, GE denies such allegations.

25        23.     To the extent that paragraph 23 of the complaint consists of conclusions of law,

26    GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of

27    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

28    belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487986v1      ANSWER TO COMPLAINT FOR WRONGFUL DEATH      CASE NO. CV 08-0229 JCS

1    denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE,

2    GE denies such allegations.

3        24.    To the extent that paragraph 24 of the complaint consists of conclusions of law,

4    GE is not required to respond to it. To the extent that paragraph 24 of the complaint consists of

5    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6    belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are

7    denied. To the extent that paragraph 24 of the complaint consists of allegations of fact as to GE,

8    GE denies such allegations.

9        25.    To the extent that paragraph 25 of the complaint consists of conclusions of law,

10   GE is not required to respond to it. To the extent that paragraph 25 of the complaint consists of

11   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

12   belief as to the truth of the allegations of paragraph 25, and on such basis the allegations are

13   denied. To the extent that paragraph 25 of the complaint consists of allegations of fact as to GE,

14   GE denies such allegations.

15       26.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

16   25 of this Answer.

17       27.    To the extent that paragraph 27 of the complaint consists of allegations of fact as

18   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

19   of the allegations of paragraph 27, and on such basis the allegations are denied. To the extent

20   that paragraph 27 of the complaint consists of allegations of fact as to GE, GE denies such

21   allegations.

22       28.    To the extent that paragraph 28 of the complaint consists of conclusions of law,

23   GE is not required to respond to it. To the extent that paragraph 28 of the complaint consists of

24   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

25   belief as to the truth of the allegations of paragraph 28, and on such basis the allegations are

26   denied. To the extent that paragraph 28 of the complaint consists of allegations of fact as to

27   Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

28   of the allegations of paragraph 28, and on such basis the allegations are denied. To the extent



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487986v1

-8-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-0229 JCS

1  that paragraph 28 of the complaint consists of allegations of fact as to GE, GE denies such

2  allegations.

3       29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

4  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

5  of the allegations of paragraph 29, and on such basis the allegations are denied.  To the extent

6  that paragraph 30 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

7  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

8  paragraph 29, and on such basis the allegations are denied.  To the extent that paragraph 29 of the

9  complaint consists of allegations of fact as to GE, GE denies such allegations.  GE lacks

10  sufficient knowledge or information to respond to the allegation that exposed persons did not

11  know of the substantial danger of using said products and, on that basis, denies it.

12       30.    To the extent that paragraph 30 of the complaint consists of allegations of fact as

13  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

14  of the allegations of paragraph 30, and on such basis the allegations are denied.  To the extent

15  that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

16  allegations.

17       31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

18  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

19  of the allegations of paragraph 31, and on such basis the allegations are denied.  To the extent

20  that paragraph 31 of the complaint consists of allegations of fact as to GE, GE denies such

21  allegations.

22       32.    To the extent that paragraph 32 of the complaint consists of allegations of fact as

23  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

24  of the allegations of paragraph 32, and on such basis the allegations are denied.  To the extent

25  that paragraph 32 of the complaint consists of allegations of fact as to GE, GE denies such

26  allegations.

27       33.    To the extent that paragraph 33 of the complaint consists of allegations of fact as

28  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

SEDGWICK
Detert, Moran & Arnold LLP
SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH      CASE NO. CV 08-0229 JCS

1  of the allegations of paragraph 33, and on such basis the allegations are denied. To the extent

2  that paragraph 33 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE

3  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

4  paragraph 33, and on such basis the allegations are denied. To the extent that paragraph 33 of the

5  complaint consists of allegations of fact as to GE, GE denies such allegations.

6          34.    To the extent that paragraph 34 of the complaint consists of conclusions of law,

7  GE is not required to respond to it. To the extent that paragraph 34 of the complaint consists of

8  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

9  belief as to the truth of the allegations of paragraph 34, and on such basis the allegations are

10  denied. To the extent that paragraph 34 of the complaint consists of allegations of fact as to GE,

11  GE denies such allegations.

12          35.    To the extent that paragraph 35 of the complaint consists of allegations of fact as

13  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

14  of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent

15  that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

16  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

17  allegations of paragraph 35, and on such basis the allegations are denied. To the extent that

18  paragraph 35 of the complaint consists of allegations of fact as to GE, GE denies such

19  allegations.

20          36.    To the extent that paragraph 36 of the complaint consists of allegations of fact as

21  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

22  of the allegations of paragraph 36, and on such basis the allegations are denied. To the extent

23  that paragraph 36 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

24  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

25  allegations of paragraph 36, and on such basis the allegations are denied. To the extent that

26  paragraph 36 of the complaint consists of allegations of fact as to GE, GE denies such

27  allegations.

28  ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

-10-

1    37.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

2    36 of this Answer.

3    38.    To the extent that paragraph 38 of the complaint consists of conclusions of law,

4    GE is not required to respond to it.  To the extent that paragraph 38 of the complaint consists of

5    allegations of fact as to Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or

6    information to form a belief as to the truth of the allegations of paragraph 38, and on such basis

7    the allegations are denied.

8    39.    To the extent that paragraph 39 of the complaint consists of conclusions of law,

9    GE is not required to respond to it.  To the extent that paragraph 39 of the complaint consists of

10   allegations of fact as to Plaintiffs and/or Plaintiffs' decedent, GE lacks sufficient knowledge or

11   information to form a belief as to the truth of the allegations of paragraph 39, and on such basis

12   the allegations are denied.

13   40.    To the extent that paragraph 40 of the complaint consists of allegations of fact as

14   to other defendants, GE  lacks sufficient knowledge or information to form a belief as to the truth

15   of the allegations of paragraph 40, and on such basis the allegations are denied.  To the extent

16   that paragraph 40 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

17   decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

18   allegations of paragraph 40, and on such basis the allegations are denied.  To the extent that

19   paragraph 40 of the complaint consists of allegations of fact as to GE, GE denies such

20   allegations.

21   41.    To the extent that paragraph 41 of the complaint consists of allegations of fact as

22   to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a

23   belief as to the truth of the allegations of paragraph 41, and on such basis the allegations are

24   denied.

25   42.    To the extent that paragraph 42 of the complaint consists of allegations of fact as

26   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

27   of the allegations of paragraph 42, and on such basis the allegations are denied.  To the extent

28   that paragraph 42 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

2  allegations of paragraph 42, and on such basis the allegations are denied.  To the extent that

3  paragraph 42 of the complaint consists of allegations of fact as to GE, GE denies such

4  allegations.

5          43.     To the extent that paragraph 43 of the complaint consists of allegations of fact as

6  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

7  of the allegations of paragraph 43, and on such basis the allegations are denied.  To the extent

8  that paragraph 43 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

9  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

10  allegations of paragraph 43, and on such basis the allegations are denied.  To the extent that

11  paragraph 43 of the complaint consists of allegations of fact as to GE, GE denies such

12  allegations.

13          44.     GE incorporates by reference as though fully set forth herein paragraphs 1 through

14  43 of this Answer.

15          45.     To the extent that paragraph 45 of the complaint consists of allegations of fact as

16  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

17  of the allegations of paragraph 45, and on such basis the allegations are denied.  To the extent

18  that paragraph 45 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

19  decedent, GE lacks sufficient knowledge or information to form a belief as to the truth of the

20  allegations of paragraph 45, and on such basis the allegations are denied.  To the extent that

21  paragraph 45 of the complaint consists of allegations of fact as to GE, GE denies such

22  allegations.

23                          **RESPONSE TO PLAINTIFFS' PRAYER**

24          GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek

25  damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent

26  Plaintiffs seek any relief from GE.  Further answering, GE lacks information or knowledge

27  sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that

28  basis, denies them.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487986v1

-12-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Affirmative Defenses set forth below, GE is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues.

### FIRST AFFIRMATIVE DEFENSE

46.   GE alleges that said complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against GE.

### SECOND AFFIRMATIVE DEFENSE

47.   GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2 and 361.

### THIRD AFFIRMATIVE DEFENSE

48.   GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred in whole or in part by the equitable doctrines of waiver, estoppel, and laches.

### FOURTH AFFIRMATIVE DEFENSE

49.   GE alleges that Plaintiffs' decedent, MICHAEL RABENER ("Decedent") and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiffs' recovery against GE.

### FIFTH AFFIRMATIVE DEFENSE

50.   GE alleges that Decedent was solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Decedent was the sole proximate cause of the injuries and damages complained of by Plaintiffs, if any there were.

### SIXTH AFFIRMATIVE DEFENSE

51.   GE alleges that Decedent assumed the risk of the matters referred to in said complaint, that Decedent knew and appreciated the nature of the risk, and that Decedent voluntarily accepted the risk.



SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1

**SEVENTH AFFIRMATIVE DEFENSE**

2      52.     GE is informed and believes and thereon alleges that Decedent misused and

3  abused the products referred to in said complaint, and failed to follow instructions, and that such

4  misuse, abuse and failure to follow instructions on the part of Decedent proximately caused and

5  contributed to the injuries and damages complained of in said complaint, if any there were.

6

**EIGHTH AFFIRMATIVE DEFENSE**

7      53.     GE alleges that if Decedent sustained injuries attributable to the use of any

8  product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the

9  injuries were solely caused by and attributable to the unreasonable, unforeseeable, and

10  inappropriate purpose and improper use which was made of the product.

11

**NINTH AFFIRMATIVE DEFENSE**

12      54.     GE alleges that if there was any negligence proximately causing the injuries or

13  damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of the defendants,

14  persons, firms, or entities other than GE.

15

**TENTH AFFIRMATIVE DEFENSE**

16      55.     GE alleges that there is no privity between Plaintiffs or Decedent and GE.

17

**ELEVENTH AFFIRMATIVE DEFENSE**

18      56.     GE alleges that it gave no warranties, either express or implied, to Decedent and

19  that neither Decedent nor others ever notified GE of any claims of breach of warranty, if any

20  there were.

21

**TWELFTH AFFIRMATIVE DEFENSE**

22      57.     GE alleges that said complaint and each cause of action therein is barred with

23  respect to this answering defendant by the provisions of the Workers' Compensation Act,

24  including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of

25  California.

26

**THIRTEENTH AFFIRMATIVE DEFENSE**

27      58.     GE alleges that if there was any negligence proximately causing the injuries or

28  ////



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

-14-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1 | damages, if any, sustained by Decedent, such negligence, if any, is collateral negligence, as that

2 | term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

3 | ### FOURTEENTH AFFIRMATIVE DEFENSE

4 | 59.    GE alleges that at the time of the matters referred to in the complaint, Decedent

5 | was employed by employers other than GE and were entitled to and received workers'

6 | compensation benefits from their employers; and that if there was any negligence proximately

7 | causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that

8 | of Decedent's employers.

9 | ### FIFTEENTH AFFIRMATIVE DEFENSE

10 | 60.    GE alleges that Plaintiffs' claims, and each of them, and this action, are

11 | preempted by federal statutes and regulations governing work place exposure to asbestos.

12 | ### SIXTEENTH AFFIRMATIVE DEFENSE

13 | 61.    GE alleges that the products referred to in said complaint, if manufactured by GE

14 | at all, were manufactured in strict compliance with United States government specifications, and

15 | that the hazards associated with use of the products, if any, were known equally to the

16 | government and GE. <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500 (1988).

17 | ### SEVENTEENTH AFFIRMATIVE DEFENSE

18 | 62.    GE alleges that to the extent said complaint purports to state a cause of action or

19 | basis for recovery under <u>Sindell v. Abbott Laboratories</u> (1990) 26 Cal. 3d 588, it is barred by

20 | Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos

21 | products market, to which asbestos products Decedent was allegedly exposed, thereby causing

22 | the damages alleged; and, should it prove impossible to identify the manufacturer of the product

23 | that allegedly injured Decedent, said purported claim or cause of action is barred by the fault of

24 | Plaintiffs and their agents in making identification of the manufacturer impossible.

25 | ### EIGHTEENTH AFFIRMATIVE DEFENSE

26 | 63.    GE alleges that, to the extent said complaint purports to state a cause of action or

27 | basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing

28 | product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

-15-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1  asserted claims for relief which, if allowed, would contravene GE's constitutional rights to

2  substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of

3  the United States and by Article I, Section 7 of the Constitution of the State of California.

4  <center>**NINETEENTH AFFIRMATIVE DEFENSE**</center>

5      64.    GE alleges that said complaint, to the extent that it seeks exemplary or punitive

6  damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

7  process under the Fourteenth Amendment of the United States Constitution, and Article I,

8  Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

9  action upon which either punitive or exemplary damages can be awarded.

10  <center>**TWENTIETH AFFIRMATIVE DEFENSE**</center>

11      65.    GE alleges that said complaint, to the extent that is seeks punitive or exemplary

12  damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

13  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

14  Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

15  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

16  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

17  action supporting the punitive or exemplary damages claimed.

18  <center>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</center>

19      66.    GE alleges that said complaint, and each cause of action therein, fails to state facts

20  sufficient to warrant an award of punitive or exemplary damages against GE.

21  <center>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</center>

22      67.    GE alleges that at all relevant times Decedent's employers were sophisticated

23  users of asbestos-containing products, and that said employers were aware of the dangers, if any,

24  of asbestos-containing products, and that said employers' negligence in providing the products to

25  their employees in a negligent, careless and reckless manner was a superseding intervening cause

26  of Decedent's injuries, if any.

27  <center>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</center>

28      68.    GE alleges that at all relevant times Decedent was a sophisticated user of

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

-16-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-0229 JCS

asbestos-containing products, that Decedent was aware, or should have been aware, of the dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a complete bar to Plaintiffs' claims against GE as a matter of law.  Johnson v. American Standard, Inc., et al. (2005) 34 Cal.Rptr.3d 863.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

69.    GE alleges that the "peculiar risk" doctrine is not applicable to the causes of action attempted to be stated and set forth against this defendant, because the injuries and damages complained of in the complaint, if any there were, arose in the course and scope of Decedent's employment by an independent contractor.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

70.    GE alleges that Plaintiffs are barred from recovery in that all products produced by GE were in conformity with the existing state-of-the-art, and as a result, these products were not defective in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

71.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint for negligence per se are barred by California Labor Code Section 6304.5, and derivative authority.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

72.    GE alleges that Plaintiffs and/or Decedent failed to exercise due diligence to mitigate their losses, injuries or damages, if any, and, accordingly, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which otherwise would have been mitigated.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

73.    GE alleges that it had no knowledge, either actual or constructive, and by the application of reasonable, developed human skills and foresight had no reason to know of the propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE to cause or contribute to the creation of medical conditions or circumstances involving alleged

////

**SEDGWICK**
Detert, Moran & Arnold, LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1487986v1

-17-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or any other illness or any type whatsoever.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

74.    GE alleges that the provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

### THIRTIETH AFFIRMATIVE DEFENSE

75.    GE alleges that unforeseen and unforeseeable acts and omissions by others constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

76.    GE alleges that each of Plaintiffs' claims, and this entire action, are preempted by all applicable federal law relating to railroads, their equipment, and/or alleged injuries and damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49 U.S.C. sections 20701 et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

77.    The matters alleged in said complaint are encompassed within and barred by a settlement and release agreement reached by the parties, which operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

78.    To the extent that Plaintiffs and/or Decedent have reached an accord with GE regarding this litigation and this accord was then properly satisfied, the claims, causes of action, and theories of liability asserted in said complaint are barred by the doctrine of accord and satisfaction.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

79.    To the extent that Plaintiffs and/or Decedent released, settled, entered into an accord and satisfaction, or otherwise compromised the claims herein, said claims are barred.

////

////

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP
SF/1487986v1

-18-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-0229 JCS

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

80.   The claims asserted in said complaint have been settled, compromised or otherwise discharged and GE is due a set off.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

81.   To the extent that Plaintiffs and/or Decedent previously filed a dismissal in court dismissing with prejudice all of the asserted claims, causes of action , and other theories of liability against GE, the matters alleged in said complaint are barred by retraxit.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

82.   Plaintiffs' claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the plaintiff was previously compensated by alleged joint tortfeasors.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

83.   Defendant alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by applicable statutes of repose, including statutes of repose in other states that are applicable to this action pursuant to California Code of Civil Procedure section 361.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

84.   GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by laches.

////
////
////
////
////
////
////
////

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1487986v1

-19-

**PRAYER**

WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and further relief as this Court may deem just and proper.

DATED: February 15, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:          /S/    Derek S. Johnson
　　　　　　　Derek S. Johnson
　　　　　　　Attorneys for Defendant
　　　　　　　GENERAL ELECTRIC COMPANY

Sedgwick
Detert, Moran & Arnold, LLP
SF/1487986v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS

1

### JURY DEMAND

2      GE hereby demands a trial by jury of the captioned matter.

3

4   DATED: February 15, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6
                                      By:_____/S/_Derek S. Johnson_____
7                                          Derek S. Johnson
                                           Attorneys for Defendant
8                                          GENERAL ELECTRIC COMPANY

9

10     ### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

11     Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

12   the named parties, there is no such interest to report.

13

14   DATED: February 19, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16
                                      By:_____/S/_Derek S. Johnson_____
17                                         Derek S. Johnson
                                           Attorneys for Defendant
18                                         GENERAL ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
Detert, Moran & Arnold, LLP

SF/1487986v1

-21-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH          CASE NO. CV 08-0229 JCS